UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No. 01-1621 (DWF/AJB)

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. )
)
NIEN THI TRAN, )
)
Defendant. )
)
)

**CONSENT JUDGMENT REVOKING NATURALIZATION**

The United States of America filed a complaint in this action, seeking to revoke the order admitting Defendant Nien Thi Tran (Defendant Tran) to United States citizenship and to cancel her certificate of naturalization. The complaint alleges that Defendant Tran procured her naturalization illegally. Illegal procurement requires that naturalization be revoked pursuant to 8 U.S.C. § 1451(a) (1994). See Kungys v. United States, 485 U.S. 759, 778 (1988); Fedorenko v. United States, 449 U.S. 490, 506-07, 514-15 (1981).

Defendant Tran has read the complaint and its supporting Affidavit of Good Cause and agrees with the facts contained in those two documents. Additionally, Defendant Tran concedes that she procured her naturalization illegally. Specifically, Defendant Tran admits the following: (1) On June 4, 1996, Defendant Tran entered a plea of Guilty to Felonious Theft by Wrongfully Obtaining Public Assistance in violation of Minnesota Statute section 256.98, 609.52, subd. 3(2). The offense carried a maximum penalty of ten (10) years imprisonment and was committed during the period from June 1, 1993 through January 31, 1996. On July 18, 1996, Defendant Tran was adjudged guilty and convicted of Felonious Theft by Wrongfully Obtaining Public

FILED SEP 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 14 2001
DEPUTY CLERK

Assistance in violation of Minnesota Statute section 256.98, 609.52, subd. 3(2). Defendant Tran was sentenced to ten (10) years of probation, payment of restitution in the amount of $16, 274.00, and 100 hours of community service for this offense. Accordingly, Defendant Tran was precluded by statute from establishing the good moral character needed to be eligible for naturalization. As a person ineligible to naturalize, Defendant Tran's naturalization was procured illegally. See 8 U.S.C. §§ 1427(a)(3), 1451(a), 1182(a)(2)(A)(i), 1101(f)(3) (1994); Complaint, Count I, ¶¶ 22-27; (2) On February 1, 1996, Defendant Tran was interviewed, under oath, by an officer of the immigration & Naturalization Service ( INS) regarding her application for naturalization. During the interview, Defendant Tran testified that her response to Part 7, Question 15(a) was correct and affirmed, in response to the INS officer's questions, that she had never knowingly committed a crime for which she has not been arrested. Moreover, at the end of her naturalization interview, Defendant Tran swore that the contents of her naturalization application were true. Defendant Tran admits that her testimony was false because during the period from June 1, 1993 through January 31, 1996 Defendant Tran knowingly committed the crime of Felonious Theft by Wrongfully Obtaining Public Assistance for which she had not been arrested. Defendant Tran concedes that she provided false testimony to obtain naturalization--a benefit under the Immigration and Nationality Act--and, therefore, was ineligible to naturalize because she lacked "good moral character," a prerequisite for naturalization. See 8 U.S.C. §§ 1427(a)(3), 1451(a), 1101(f)(6) (1994); Complaint, Count II, ¶¶ 28-34.

**THEREFORE, THE PARTIES CONSENT TO JUDGMENT AS FOLLOWS:**

1. The naturalization of Nien Thi Tran admitting her to United States citizenship, as ordered by the Attorney General of the United States, is hereby revoked, and Certificate of

Naturalization No. 22669266 is canceled.

2. Defendant Tran is enjoined from claiming any rights, privileges, or advantages under any document which evidences United States citizenship obtained as a result of Defendant Tran's October 23, 1996, naturalization.

3. Defendant Tran shall surrender and deliver her Certificate of Naturalization, as well as any other indicia of United States citizenship (including Defendant's U.S. Passport), and any copies in her possession and control, immediately to Assistant United States Attorney Friedrich A. P. Siekert ((612) 664-5600), who is located at the United States Attorney's Office, Room 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

4. Defendant Tran agrees that she will not reapply for Citizenship within five(5)years of the entry of the Court's Consent Judgment Revoking Naturalization or within any period of probation that Defendant Tran might be serving on any conviction including her 1996 conviction for Felonious Theft by Wrongfully Obtaining Public Assistance. It is expressly understood that Plaintiff United States makes no representation that any future application for citizenship will be granted.

5. Plaintiff agrees that Defendant Tran will revert to her former status as a Lawful Permanent Resident and, that once Defendant Tran files an application for a replacement alien registration card with the appropriate fee, the INS agrees to replace timely the alien's registration card.

6. Plaintiff agrees that it may not initiate removal proceedings against Defendant Tran as an alien deportable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), based solely upon her 1996 conviction for Felonious Theft by Wrongfully Obtaining Public Assistance, based on current law. However, nothing in this agreement shall limit the INS's ability to initiate

removal proceedings against Defendant Tran, if Defendant Tran is convicted of any other criminal offense which, either alone or in conjunction with her 1996 conviction, renders her removable.

7. Plaintiff and Defendant Tran both agree that nothing in this Consent Judgement prevents the INS from placing Defendant in removal proceedings as an inadmissible alien pursuant to INA § 212(a)(2), 8 U.S.C. § 1182(a)(2), should Defendant Tran leave the United States and then attempt to seek reentry, or, should Defendant Tran be re-admitted, as a deportable alien under INA § 237(a)(1), 8 U.S.C. § 1227(a)(1) because she is inadmissible pursuant to INA § 212(a)(2), 8 U.S.C. § 1182(a)(2). Under these circumstances, Defendant Tran would, under current law, be inadmissible pursuant to INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien who committed a crime involving moral turpitude based upon her 1996 conviction for Felonious Theft by Wrongfully Obtaining Public Assistance.

8. Plaintiff and Defendant Tran will each bear their own attorneys' fees, costs, and expenses, if any, incurred in this matter.

Respectfully submitted,

ROBERT M. SMALL
United States Attorney
LYNN ZENTNER
Chief, Civil Division

Friedrich A. P. Siekert

FRIEDRICH A. P. SIEKERT
Assistant United States Attorney
Attorney I.D, No. 0142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone: (612) 664-5600

STUART E. SCHIFFER
Acting Assistant Attorney General
Civil Division

THOMAS W. HUSSEY
Director, Office of Immigration Litigation
MARK C. WALTERS
Assistant Director

F. A. P. Siekert
for PAUL D. KOVAC
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice

P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9322

Attorneys for Plaintiff, United States of America

NIEN THI TRAN
Defendant

PHILLIP F. FISHMAN
Attorney for Defendant Nien Tran

IT IS SO ORDERED, ADJUDGED, AND DECREED that the foregoing shall be the final judgment of this Court.

LET JUDGMENT BE ENTERED ACCORDINGLY.

United States District Judge

Dated: 9/14/01

# CERTIFICATE OF SERVICE BY MAIL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NIEN THI TRAN,<br><br>Defendant. | ) | Civil No. 01-1621 DWF/AJB |

The undersigned declares under penalty of perjury that she is an employee in the Office of the United States Attorney for the State and District of Minnesota and is a person of such age and discretion as to be competent to serve papers.

That on September 13, 2001 she served a copy of the attached:

**Consent Judgment Revoking Naturalization**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

Addressee:

Phillip F. Fishman, Esq.
15 South Fifth Street, Suite 1210
Minneapolis, MN 55402

TERRY TUCKER